# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PHILLIP BRUNDAGE,

    **Plaintiff,**

v.                                                                    Case No: 6:19-cv-63-Orl-28GJK

RV ONE SUPERSTORES, INC.,

    **Defendant.**

## ORDER

After Defendant RV One Superstores, Inc. (RV One) removed this case from a Florida court to this Court, (see Doc. 1), Plaintiff Phillip Brundage filed a Motion to Remand.[1] (Doc. 14). In his Complaint, Brundage asserts a single claim against RV One—breach of an express warranty under the Magnuson-Moss Warranty Act (the Act), 15 U.S.C. § 2301 et seq.—stemming from Brundage's purchase of a recreational vehicle from RV One. In support of his Motion to Remand, Brundage contends that this Court lacks both federal question and diversity-of-citizenship jurisdiction because the jurisdictional amount-in-controversy requirement is not satisfied. RV One disagrees, arguing that Brundage's Complaint expressly seeks damages in excess of the minimum amount-in-controversy requirement.

Though the Act is a federal statute, it contains an amount-in-controversy requirement. Accordingly, to bring a claim under the Act in federal court, the amount in

---

[1] Though Brundage filed his motion more than thirty days after RV One filed its Notice of Removal, Brundage's motion was not untimely because he alleges that this Court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c).

controversy must be at least $50,000. See 15 U.S.C. § 2310(d)(3)(B) ("No claim shall be cognizable in a suit brought [in an appropriate district court of the United States] . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit."). Because RV One removed this case, it bears the burden of establishing—by a preponderance of the evidence—facts supporting the existence of federal jurisdiction. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted). RV One fails to meet its burden.[2]

In its Notice of Removal, RV One asserts that the face of Brundage's Complaint provides facts sufficient to satisfy the amount-in-controversy requirement. Not so. Brundage's Complaint never requests a specific amount of damages. Rather, it lists the total sale price of the RV—$114,473.40—and then requests special damages, including "the difference between the RV's total sale price minus the value that [Brundage] could or would receive upon selling or trading the RV." (Doc. 1-1 at 2, 5). But the Complaint never identifies the value that Brundage could receive upon sale or trade of the RV.

In the alternative, the Complaint states that Brundage "seeks to recover the difference between the value of the RV as delivered and as accepted on the date of purchase." (Id. at 5). But the Complaint then notes that there is no market for defective recreational vehicles like the one Brundage purchased, and thus the "difference in value between [Brundage's] RV as accepted and delivered on the date of sale is either the total

---

[2] Because RV One fails to establish that the $50,000 amount-in-controversy requirement of the Act is met, it also cannot establish that the amount in controversy exceeds $75,000 as required for diversity-of-citizenship jurisdiction. This Order thus focuses solely on the Act's amount-in-controversy requirement.

2

sale price or cannot be calculated with certainty, which makes the award of special damages appropriate." (Id.). RV One asserts that because Brundage's Complaint states that the difference in value between the RV as delivered and as accepted *could* be the total sale price, then the amount in controversy is at least $114,473.40. The Complaint, however, is far from clear. And Brundage could have been discussing the inability to calculate the difference in the value of the RV as delivered and as accepted in support of his request for special damages. Put another way, there is no indication that Brundage is actually seeking the total sale price of the RV as damages.

Further, RV One fails to include in its Notice of Removal any evidentiary support that establishes that the $50,000 amount-in-controversy requirement is met. Instead, RV One relies exclusively on Brundage's Complaint. But the vague statements regarding damages in Brundage's Complaint are insufficient to establish—by a preponderance of the evidence—that the $50,000 amount-in-controversy requirement is met. See Anderson v. Lotus Cars USA, Inc., No. 8:06-cv-1944-T-17-TBM, 2007 WL 1229105, at *2 (M.D. Fla. Apr. 26, 2007) ("[C]onclusory statements, unsupported by any evidence as to the value of damages, are insufficient to satisfy the preponderance of the evidence standard.").

Additionally, Brundage seeks, pursuant to 28 U.S.C. § 1447(c), to recover the costs and fees he incurred as a result of RV One's removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); see also Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005) ("Costs are assessed in a case of improvident removal." (internal quotation marks and citation omitted)). While RV One may have failed to demonstrate that this Court has

3

jurisdiction, it did not lack a reasonable basis for removing the case. Brundage is thus not entitled to the fees and costs he incurred as a result of RV One's removal. See Anderson, 2007 WL 1229105, at *3 ("The Court finds that Defendant had a reasonable basis for removal, but failed to demonstrate that jurisdiction was appropriate by a preponderance of the evidence. Therefore, an award of attorney's fees to Plaintiff is unwarranted.").

Accordingly, it is **ORDERED** as follows:

1. Brundage's Motion to Remand (Doc. 14) is **GRANTED**. This case is remanded to the Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2018-CA-12828-O, *Phillip Brundage v. RV One Superstores, Inc. d/b/a Orlando RV*.

2. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on May 8, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
Clerk of the Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida